## UNITED STATES DISTRICT COURT

### District of New Jersey

Chambers of
**William H. Walls**
Senior District Judge
_____

(973) 645-2564
(973) 645-3436 Fax

Martin Luther King Jr.
Federal Courthouse
50 Walnut Street
Newark, New Jersey 07102

<u>NOT FOR PUBLICATION</u>

<u>LETTER ORDER</u>

December 5, 2011

Michael A. Baldassare
Baldassare & Mara, LLC
570 Broad Street, Suite 900
Newark, NJ 07102

    Re:    <u>United States of America v. Kelvin L. Jones</u>; Crim. No. 10-366 (WHW)
            Hearing on Order to Show Cause for Sanctions on Michael A. Orozco, Esq.

Dear Mr. Baldassare:

      I have reviewed the letters dated November 30, 2011 and December 2, 2011 submitted on behalf of Mr. Orozco concerning this Court's November 22, 2011 Order to Show Cause for sanctions. The letters request an adjournment of the December 7, 2011 hearing at which Mr. Orozco is to show cause why the Court should not exercise its inherent power to impose a monetary sanction for his conduct on November 9, 2011. The letter dated December 2, 2011 also requests that I recuse myself from the hearing on sanctions pursuant to 28 U.S.C. § 455(b).

      First, the request for adjournment of the December 7, 2011 hearing to allow additional time to secure and prepare for the appearance of witnesses is denied because the Court will not hold an evidentiary hearing at that time. At the hearing, you and your client will be afforded

ample opportunity to be heard on why the Court should not exercise its inherent power to impose a monetary sanction of $200 on Mr. Orozco for his failure to appear as directed before this Court at 12:15 p.m. on November 9, 2011 and for his failure to timely notify the Court of a time conflict with another proceeding prior to that time. At the hearing, you and your client may present argument regarding whether the challenged conduct is sanctionable and whether the proposed sanction is sufficiently tailored to this conduct. See Republic of Philippines v. Westinghouse Elec. Corp., 43 F.3d 65, 74 (3d Cir. 1994). See also United States v. Seltzer, 227 F.3d 36, 42 (2d Cir. 2000). You will not be afforded an opportunity to present testimony of outside witnesses at that time because a full evidentiary hearing is neither required under due process nor relevant to a determination of this issue.

The Third Circuit has explained that although monetary sanctions should not be imposed "'without fair notice and an opportunity for a hearing on the record,' we have not interpreted the 'opportunity for a hearing on the record' discussed by the Supreme Court to require an evidentiary hearing in every case." Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 279 (3d Cir. 1999) (quoting Roadway Express, Inc. v. Piper, 447 U.S. 752, 767 (1980)). The due process requirement for an opportunity to be heard "at a meaningful time and in a meaningful manner" is instead defined based on a "flexible" standard under which the "circumstances must dictate what is required" on a case-by-case basis. Rogal v. Am. Broad. Cos., 74 F.3d 40, 44 (3d Cir. 1996) (internal citations omitted). As a result, before imposing monetary sanctions, a district court "in the sound exercise of its discretion must identify and determine the legal basis for each sanction charge sought to be imposed, and whether its further resolution requires further proceedings, including the need for an evidentiary hearing." Id. (citing Jones v. Pittsburgh Nat. Corp., 899

F.2d 1350, 1359 (3d Cir. 1990)). In a deliberately narrow and fact-specific holding in Rogal, the Third Circuit found only that an evidentiary hearing was required where a sanction imposed for alleged misrepresentations in the defendant's disputed trial testimony was based solely on inferences from apparent contradictions and inconsistencies during trial. Id. at 44–45.

I find at this stage that there are no facts in contention which would similarly bear on this Court's determination of whether the Court should exercise its inherent power to impose a monetary sanction on Mr. Orozco for his failure to appear as directed before this Court at 12:15 p.m. on November 9, 2011 and for his failure to timely notify the Court of a time conflict with another proceeding prior to that time. This finding is supported by the representations made at the November 9, 2011 contempt hearing and a review of Mr. Orozco's affidavit dated November 14, 2011 supporting the request for reconsideration of the contempt of court order, both of which addressed the same underlying conduct. An evidentiary hearing would not further assist me in making any determination regarding the imposition of sanctions here and is therefore not necessary to satisfy the requirements of due process.

Second, the motion for recusal pursuant to 28 U.S.C. § 455(b) is also denied. This motion for recusal relies on my "personal knowledge of disputed evidentiary facts" and my status as a "material witness" based on a phone call to the chambers of my colleague Judge Linares. Recusal is not appropriate because the representations made by and on behalf of Mr. Orozco so far have not raised any disputed evidentiary facts related to Mr. Orozco's conduct before either me or Judge Linares or the substance of any conversation between myself and Judge Linares. It follows that the substance of any telephone call with his chambers is irrelevant to whether the Court should impose a monetary sanction on Mr. Orozco for his failure to appear as directed

before this Court at 12:15 p.m. on November 9, 2011 and for his failure to timely notify the Court of a time conflict with another proceeding prior to that time.

It is on this 5th day of December, 2011:

ORDERED that Michael A. Orozco, Esq.'s request for adjournment of the December 7, 2011 hearing on this Court's November 22, 2011 Order to Show Cause is DENIED; and

ORDERED that Michael A. Orozco, Esq.'s motion for recusal is DENIED.

Sincerely,

**/s/ William H. Walls**
United States Senior District Judge